The Honorable Karen A. Overstreet
Chapter 7
Hearing Date: December 10, 2014
Hearing Time: 10:00 a.m.
Place: Marysville
Response Due: December 3, 2014

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re:

MARSHALL D WAKE and
KIM A WAKE,

Debtors.

No. 14-17218

TRUSTEE'S MOTION TO APPROVE SETTLEMENT WITH DEBTORS FOR PAYMENT OF $2,000

COMES NOW the Trustee, Virginia A. Burdette, and requests the court enter an order approving the settlement with the Debtors for Payment of $2,000.00. This motion is based upon the following representations:

1. The Debtor filed their original Chapter 7 Voluntary Petition on September 30, 2014 and I am the duly qualified and acting Trustee in this case.

2. The Trustee has determined that the bankruptcy estate has a preference claim against the debtor's father for $2,000.00  In addition, the Trustee and the debtor disagree whether debtors can amend their schedules to exempt a 2001 Ford F-150 originally listed at $1,517 and sold prior to the 341 Meeting of Creditors for $5,000.00.

3. The parties wish to resolve the matter by payment of $2,000.00 plus immediate payment of any non-exempt 2014 tax refund when said return is filed.

4. The Trustee believes said settlement is fair and reasonable and in the best interest of the estate and its creditors and should be approved by the court.

TRUSTEE'S MOTION TO APPROVE
SETTLEMENT WITH DEBTORS FOR
PAYMENT OF $2,000 - 1

ANDREWS ♦ BURDETTE
Plaza 600 Building
600 Stewart Street, Suite 1300
Seattle, WA 98101
Telephone: (206) 441-0203
Facsimile: (206) 624-2631

5. The party proposing the settlement has the burden of persuading the bankruptcy court that the compromise is fair and equitable and should be approved. *In re A&C Properties, 784 F.2d* 1377, 1381 (9th Cir. 1986). The purpose of compromising claims is "to allow the trustee and the creditors to avoid the expenses and burdens associated with litigating sharply contested and dubious claims" and to avoid "litigation for its own sake." Id. (citations omitted).

6. In determining the fairness, reasonableness and adequacy of a proposed settlement agreement, the court must consider: (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. *In re A & C Properties*, 784 F.2d at 1381.

WHEREFORE, the Trustee prays that the court enter an order approving the above-described settlement with the Debtor.

DATED this 13th of November, 2014.

/s/ Virginia A. Burdette
Virginia A. Burdette, WSBA #17921
Chapter 7 Trustee

TRUSTEE'S MOTION TO APPROVE
SETTLEMENT WITH DEBTORS FOR
PAYMENT OF $2,000 - 2

ANDREWS ♦ BURDETTE
Plaza 600 Building
600 Stewart Street, Suite 1300
Seattle, WA 98101
Telephone: (206) 441-0203
Facsimile: (206) 624-2631

Case 14-17218-KAO    Doc 16    Filed 11/13/14    Ent. 11/13/14 14:53:18    Pg. 2 of 2