| | |
|---|---|
| | The Honorable Karen A. Overstreet |
| | Chapter 7 |
| | Hearing Date: 2/25/15 |
| | Hearing Time: 10:00AM |
| | Location: |
| |     Courtroom 1 |
| |     1015 State Avenue |
| |     Marysville, WA 98270 |
| | Response Date: 2/18/15 |

## UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| In re: | Case No.: 14-17218-KAO |
| Kim A Wake fka Kim O Angeles<br>Marshall D Wake | Chapter    7 |
|     Debtors | MOTION FOR RELIEF FROM STAY and<br>NOTICE OF HEARING |

### **NOTICE OF HEARING**

PLEASE TAKE NOTICE that the Motion for Relief from the Automatic Stay (the "Motion") filed by Wells Fargo Bank, N.A., as trustee for the Certificateholders of MASTR Asset-Backed Securities Trust 2007-NCW, Mortgage Pass-Through Certificates, Series 2007-NCW is set for hearing as follows:

| | |
|---|---|
| Judge: Karen A. Overstreet | Time: 10:00AM |
| Place: Courtroom 1<br>1015 State Avenue<br>Marysville, WA 98270 | Date: 2/25/15 |

IF YOU OPPOSE the Motion, you must file and serve your response NO LATER THAN THE RESPONSE DATE which is 7 days prior to the hearing. IF NO RESPONSE IS TIMELY

Motion for Relief - 1
MH# WA-14-109123

McCarthy & Holthus, LLP
108 1st Avenue South, Ste. 300
Seattle, WA 98104
(206) 319-9100

Case 14-17218-KAO    Doc 33    Filed 01/29/15    Ent. 01/29/15 12:55:03    Pg. 1 of 9

FILED AND SERVED, the Court may, in its discretion, GRANT THE MOTION PRIOR TO THE HEARING WITHOUT FURTHER NOTICE, and strike the hearing.

## MOTION

Pursuant to 11 USC §362(d)(1) and (2), Wells Fargo Bank, N.A., as trustee for the Certificateholders of MASTR Asset-Backed Securities Trust 2007-NCW, Mortgage Pass-Through Certificates, Series 2007-NCW ("Movant") moves this court for an Order Terminating the Automatic Stay. In support of the Motion, Movant alleges:

1. This Bankruptcy was filed on 09/30/2014. (Debtors received a discharge 01/07/2015, but the case is still open for administration of assets.) .

2. This Motion affects the real property commonly known as **20028 15th Ave NE #101, Shoreline, WA 98155** (the "Property"). The full legal description of the Property is listed on the Deed of Trust.

3. This Motion seeks relief from the stay only, and does not seek to establish or determine any of Movant's legal interests, if any, in the Property.

4. Movant has standing to bring this Motion because it is the Holder of the Original Promissory Note that creates the loan obligation. It is also the beneficiary under the Deed of Trust that encumbers the Property. Movant is entitled to receive the payments made by the Debtors under the Note. Movant is entitled to enforce the terms of the security instruments encumbering the Property.

5. The entity has the right to Foreclose in the name of: Wells Fargo Bank, N.A., as trustee for the Certificateholders of MASTR Asset-Backed Securities Trust 2007-NCW, Mortgage Pass-Through Certificates, Series 2007-NCW.

Motion for Relief - 2
MH# WA-14-109123

McCarthy & Holthus, LLP
108 1st Avenue South, Ste. 300
Seattle, WA 98104
(206) 319-9100

Case 14-17218-KAO    Doc 33    Filed 01/29/15    Ent. 01/29/15 12:55:03    Pg. 2 of 9

6. Movant is entitled to rely on its pleadings to establish standing. "In ruling on a FED. R. CIV. P. 12(b)(6) motion to dismiss for lack of standing, we must construe the complaint in favor of the complaining party." Hong Kong Supermarket v. Kizer, 830 F.2d 1078, 1080-81 (9th Cir. 1987). Movant is entitled to rely on its assertion that it has standing unless a party offers evidence otherwise. The burden of proof of disproving standing is on the non-moving party. 11 U.S.C. §362(g)(2).

7. Stay relief may be requested by "*a party in interest*." 11 U.S.C. §362(d). This term is broader than "*the real party in interest*." Federal Rule of Procedure 17(a)(1)(f) further provides that "a party with whom or in whose name a contract has been made *for the benefit of another*…may sue in that person's own name without joining the party for whose benefit the action is brought" (emphasis added). This is not limited to a creditor, but can be *any party* with an interest in the matter.

The statutes regarding standing and parties in interest are intended to be read liberally.

> Subsection (d) grants relief from the automatic stay, under certain conditions, to "a party in interest." Had Congress intended the section to apply only to secured creditors, it undoubtedly would have so stated. Further, nothing in the legislative history implies that Congress intended the restrictive application [Debtor] urges. *See* S. Rep. No. 989, 95th Cong., 2d Sess. 52, *reprinted in* [1978] U.S. Code Cong. & Ad. News 5838.
> \*\*\*
>
> While we agree that Congress intended that the automatic stay have broad application, the legislative history to § 362 clearly indicates that Congress recognized that the stay should be lifted in appropriate circumstances. It states:
> It will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.
>
> *In re Honosky,* 6 Bankr. 667, 669 (S.D.W.Va. 1980) *citing* S. Rep. No. 989, 95th Cong., 2d Sess. 50, *reprinted in* [1978] U.S. Code Cong. & Ad. News 5836.

Motion for Relief - 3
MH# WA-14-109123

McCarthy & Holthus, LLP
108 1st Avenue South, Ste. 300
Seattle, WA 98104
(206) 319-9100

Case 14-17218-KAO    Doc 33    Filed 01/29/15    Ent. 01/29/15 12:55:03    Pg. 3 of 9

8. The loan was originally incurred on 02/15/2007 in the original principal amount of $52,190.00. The Deed of Trust was recorded in King County, Washington, and properly encumbers the Property and secures payment of the Promissory Note.

9. Debtors have defaulted in payments pursuant to the terms of the Note and Deed of Trust. Payments are credited as last received to first due. Movant's records reflect that payments now owing due for the 12/01/2009 payment. From 12/01/2009 thereafter, the monthly payment amount is $433.15.

10. The approximate amount owed under the terms of the Note is $76,291.25. This is an approximation of the lien, including principal balance plus accrued interest, late charges, escrow shortages and other fees and costs, as allowed under the terms of the Deed of Trust. This estimate was accurate when provided and is intended only for the purposes of this motion and cannot be relied upon for any other purposes, including payoff. An accurate, itemized payoff figure may be obtained from Movant upon written request to counsel for Movant.

11. Other liens encumbering the Property include a scheduled debt in favor of Select Portfolio Servicing in the approximate amount of $203,962.16.

12. The Property is valued at $227,000.00 pursuant to Debtors' sworn schedules A & D.

13. The legislative history of the Bankruptcy Code directs that a motion for relief is to be treated analogous to an injunction, and that the stay should only remain in place if there is a "reasonable likelihood that the party opposing the relief from stay will prevail at the final hearing." Thus, the *opposing party* must establish factual grounds that they will win at the final hearing. Simply objecting to the motion based on complaints of inadequate proof by the Movant is inadequate. It is the *opposing party's* burden to prove that the

Motion for Relief - 4  
MH# WA-14-109123

McCarthy & Holthus, LLP  
108 1st Avenue South, Ste. 300  
Seattle, WA 98104  
(206) 319-9100

Case 14-17218-KAO    Doc 33    Filed 01/29/15    Ent. 01/29/15 12:55:03    Pg. 4 of 9

1    Stay should remain in effect. 11 U.S.C. §362(g)(2). If the opposing party does not

2    establish this, then the stay relief should be granted.

> After a preliminary hearing, the court may continue the stay only if there is a reasonable likelihood that the party opposing relief from the stay will prevail at the final hearing. Because the stay is essentially an injunction, the three stages of the stay may be analogized to the three stages of an injunction. The filing of the petition which gives rise to the automatic stay is similar to a temporary restraining order. The preliminary hearing is similar to the hearing on a preliminary injunction, and the final hearing and order are similar to the hearing and issuance or denial of a permanent injunction. The main difference lies in which party must bring the issue before the court. While in the injunction setting, the party seeking the injunction must prosecute the action, in proceedings for relief from the automatic stay, the enjoined party must move. The difference does not, however, shift the burden of proof. Subsection (g) leaves that burden on the party opposing relief from the stay (that is, on the party seeking continuance of the injunction) on the issue of adequate protection and existence of an equity.
>
> (H. Rept. No. 95-595 to accompany H.R. 8200, 95th Cong., 1st Sess. (1977) pp. 340-344.)

14. The only issues that are to be addressed in the motion for relief are the creditor's adequate protection, the debtor's equity in the property, and the necessity of the property for an effective reorganization. Other issues, or issues that can be raised in state court or by adversary proceeding, are inappropriate in evaluating the motion for relief.

> The action commenced by the party seeking relief from the stay is referred to as a motion to make it clear that at the expedited hearing under subsection (e), and at hearings on relief from the stay, the only issue will be the lack of adequate protection, the debtor's equity in the property, and the necessity of the property to an effective reorganization of the debtor, or the existence of other cause for relief from the stay. This hearing will not be the appropriate time at which to bring in other issues, such as counterclaims against the creditor, which, although relevant to the question of the amount of the debt, concern largely collateral or unrelated matters.
>
> (S. Rept. No. 95-989 to accompany S. 2266, 95th Cong., 2d Sess. (1978) pp. 52, 53, 55.)

Motion for Relief - 5
MH# WA-14-109123

McCarthy & Holthus, LLP
108 1st Avenue South, Ste. 300
Seattle, WA 98104
(206) 319-9100

Case 14-17218-KAO    Doc 33    Filed 01/29/15    Ent. 01/29/15 12:55:03    Pg. 5 of 9

15. Under 11 U.S.C. 362 (d), any party in interest may move for stay relief. If a party in interest moves for stay relief, the Court *must* grant relief for cause or if there is a lack of equity in the property and it is not necessary for a reorganization:

> d) On request of *a party in interest* and after notice and a hearing, the court *shall* grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
> (1) for cause, including the lack of adequate protection of an interest in property *of such party in interest*;
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
> (A) the debtor does not have an equity in such property; and
> (B) such property is not necessary to an effective reorganization;

11 U.S.C. §362(d) (emphasis added)

16. The Ninth Circuit Court of Appeals has also squarely addressed this issue. The Bankruptcy Court is not to evaluate the merits of the underlying claim as part of the stay relief motion. The Bankruptcy Court's role is limited to determining whether the creditor is adequately protected. If not, then the court must grant stay relief regardless of whether the court believes that the creditor will ultimately prevail on the merits in state court:

> Stay litigation is limited to issues of the lack of adequate protection, the debtor's equity in the property, and the necessity of the property to an effective reorganization. Hearings on relief from the automatic stay are thus handled in a summary fashion. In re Cedar Bayou, Ltd., 456 F. Supp. 278, 284 (W.D. Pa. 1978). *The validity of the claim or contract underlying the claim is not litigated during the hearing.* The action seeking relief from the stay is not the assertion of a claim which would give rise to the right or obligation to assert a counterclaim. In re Essex Properties, Ltd., 430 F. Supp. 1112 (N.D. Cal. 1977). See S. Rep. No. 989, 95th Cong., 2d Sess. 55, reprinted in 1978 U.S. Code Cong. & Ad. News, 5787, 5841. *Thus, the state law governing contractual relationships is not considered in stay litigation.*

In Re: Johnson, 756 F.2d 738, 740 (9th Cir., 1985).

17. Movant utilizes a loan servicing company to manage its loans. That loan servicing company is Select Portfolio Servicing, Inc. ("Loan Servicer"). Loan Servicer is

Motion for Relief - 6
MH# WA-14-109123

McCarthy & Holthus, LLP
108 1st Avenue South, Ste. 300
Seattle, WA 98104
(206) 319-9100

Case 14-17218-KAO    Doc 33    Filed 01/29/15    Ent. 01/29/15 12:55:03    Pg. 6 of 9

authorized and obligated to act on behalf of Movant. Loan Servicer maintains the financial information for Movant such as payment history, escrow accounts, tax payment and accounting, property insurance information under the Note and Deed of Trust. Loan Servicer collects and tracks payments from the Debtors and distributes the payments received to Movant as part of its duties. Loan Servicer is authorized to execute documents and to enforce the terms of the loan on behalf of Movant. Movant is a custodian of the loan documents and has access to the loan documents as part of its loan servicing duties.

18. At the time of filing a foreclosure proceeding had commenced, with an original sale date of 10/03/2014. The sale has not been cancelled. Stay relief would allow the sale to occur as scheduled or as continued by the Trustee. The current foreclosure sale date is scheduled for 01/09/2015.

19. Counsel for Movant is in possession of the original signed declaration filed in support of the Motion. The declaration is filed with electronic signature in compliance with LBR 5005-1(b)(3).

20. In addition to the delinquencies listed above, the Court should grant the Motion for the following reasons:

    a. Debtors have been discharged, however the trustee has not abandoned the property and the estate remains open for the possible administration of assets.

    b. Debtors do not have the ability to continue to make payments during the pendency of the bankruptcy case. Therefore, Movant is not adequately protected.

Motion for Relief - 7
MH# WA-14-109123

McCarthy & Holthus, LLP
108 1st Avenue South, Ste. 300
Seattle, WA 98104
(206) 319-9100

Case 14-17218-KAO    Doc 33    Filed 01/29/15    Ent. 01/29/15 12:55:03    Pg. 7 of 9

c. The continuation of the automatic stay will cause irreparable harm to Movant and will deprive Movant of adequate protection to which it is entitled under 11 U.S.C. §362 and §363.

d. Debtors have insufficient equity to protect Movant's interest during the bankruptcy proceeding.

e. The Property is not necessary for an effective reorganization.

f. Debtor intends to surrender the Property.

WHEREFORE, Movant requests:

1. An Order Terminating the Automatic Stay.
2. Alternatively, for an Order requiring adequate protection of Movant's interest in the Property.
3. For attorneys' fees and costs incurred herein to be charged against the account pursuant to the terms of the Note and Deed of Trust.
4. For such other relief as the Court deems proper.

Dated: January 29, 2015            McCarthy & Holthus, LLP

/s/ Annette E. Cook
Annette E. Cook, Esq., WSBA #31450
Attorneys for Movant

Motion for Relief - 8
MH# WA-14-109123

McCarthy & Holthus, LLP
108 1st Avenue South, Ste. 300
Seattle, WA 98104
(206) 319-9100

Case 14-17218-KAO    Doc 33    Filed 01/29/15    Ent. 01/29/15 12:55:03    Pg. 8 of 9

# CERTIFICATE OF SERVICE

On 1/29/2015, I served the foregoing **MOTION FOR RELIEF FROM STAY and NOTICE OF HEARING** on the following individuals by electronic means through the Court's ECF program:

COUNSEL FOR DEBTORS
Richard J Welt
rwelt@mbs-law.com

TRUSTEE
Virginia A. Burdette
vlaburdette@seanet.com

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

/s/ Bogdan Radulescu
Bogdan Radulescu

On 1/29/2015, I served the foregoing **MOTION FOR RELIEF FROM STAY and NOTICE OF HEARING** on the following individuals by depositing true copies thereof in the United States mail, enclosed in a sealed envelope, with postage paid, addressed as follows:

DEBTORS
Kim A Wake fka Kim O Angeles
510 Forsyth Lane
Unit 209
Edmonds, WA 98020

Marshall D Wake
510 Forsyth Lane
Unit 209
Edmonds, WA 98020

US TRUSTEE
Western WA Division
700 Stewart St Ste 5103
Seattle, WA 98101

OTHER LIEN HOLDERS
Select Portfolio Servicing, Inc.
PO Box 65250
Salt Lake City, UT 84165-0250

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

/s/ Hue Banh
Hue Banh

Motion for Relief - 9
MH#WA-14-109123

McCarthy & Holthus, LLP
108 1st Avenue South, Ste. 300
Seattle, WA 98104
(206) 319-9100

Case 14-17218-KAO   Doc 33   Filed 01/29/15   Ent. 01/29/15 12:55:03   Pg. 9 of 9